IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| | \* | **CRIMINAL ACTION: 09-00143-KD-B** |
| v. | \* | **CIVIL ACTION: 15-00165-KD** |
| | \* | |
| **THOMAS EDWARD TAYLOR** | \* | |

**ORDER**

This matter is before the Court on Taylor's Notice of Supplemental Authority and Motion for Judgment (Docs. 33-35) and the Government's Response (Doc. 37). These pending motions impact Taylor's presently stayed Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255 (as amended) (Docs. 26, 27) (and the Government's Response (Doc. 30)).

Specifically, as grounds for his first habeas motion, Taylor contends that his December 18, 2009 Armed Career Criminal Act (ACCA) based sentence[1] should be vacated in light of the U.S. Supreme Court's decision in <u>Johnson v. United States,</u> 135 S.Ct. 2551 (2015) (holding that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process) as he does not qualify as an armed career criminal. Taylor asserted that per <u>Johnson</u>, none of his ACCA predicate convictions of Burglary Third Degree qualified as "violent felonies" under the residual clause and that such convictions no longer qualify as ACCA predicates under the enumerated crimes clause under <u>United States v. Howard</u>, 732 F.3d 1332 (11th Cir. 2014) (resentencing required under <u>Descamps v. United States,</u> 133 S.Ct. 2376 (2013), because Alabama's Burglary Third Degree statue was non-generic and indivisible).

In response, the Government agreed that under <u>Johnson</u> Taylor's convictions for burglary

---

[1] Pursuant to a plea agreement, Taylor entered a plea to Count 1 of the indictment charging the office of 18 U.S.C. § 922(g)(1), prohibited person in possession of a firearm. (Doc. 14). Taylor was sentenced under the ACCA to 180 months. (Doc. 20).

1

in the third degree would not qualify under the ACCA had he been sentenced today. The Government added that it is the DOJ's position that Johnson announced a new substantive rule of constitutional law which is retroactive in ACCA cases – those pending on direct review, as well as those that were final before that date but which are challenged on collateral review, as in this case (citing Schriro v. Summerlin, 542 U.S. 348, 352 (2004)). The Government noted that the Eleventh Circuit has held differently, ruling that Johnson does not apply retroactively for collateral review purposes (citing In re Rivero, 797 F.3d 986 (11th Cir. 2015); In re Franks, 2016 WL 80551 (11th Cir. Jan. 6, 2016)). The Government contended that while the Court is bound by Eleventh Circuit law, currently pending is the case of Welch v. United States, 2016 WL 90594 (2015) which will decide the issue of Johnson's retroactivity. As such, the Government requested entry of a stay of this case pending a ruling in Welch (suggesting it may address the case law with regard to first time habeas petitioners). In reply, Taylor asserts, in part, as follows:

> …Because Mr. Taylor seeks relief not under 18 U.S.C. § 2255(h) but under § 2255(a) in a first petition, the government's reliance on *In re Franks* and *In re Rivero*, two second or successive motions, is misplaced. The government and the Department of Justice agree that under *Johnson*, Taylor's predicate convictions for burglary in the third degree would not qualify under ACCA had he been sentenced today….They also agree that *Johnson* announced a new substantive rule of constitutional law which is retroactive in ACCA cases- those pending on direct review, as well as those that were final before that date but which are challenged on collateral review, as here….The Eleventh Circuit has not foreclosed relief in a first motion under § 2255. The government and this Court should not, therefore, feel bound by the rulings in *Franks* and *Rivero*, which involved second or successive motions and have no relevance to the motion filed in this case under 28 U.S.C. § 2255(a). Accordingly, the relief sought in Taylor's motion is due to be granted.
>
> Alternatively, the Court could hold in abeyance a ruling until a decision later this term by the Supreme Court in *Welch v. United States*.

(Doc. 31 at 4). On March 8, 2016, the Court stayed this case pending Welch. (Doc. 32).

On March 29, 2016, the Eleventh Circuit decided the case of United States v. Mays, 2016 WL 121149 (11th Cir. Mar. 29, 2016) (per curiam), a first habeas petition case, holding that that

Mays was sentenced illegally under the ACCA because per the rulings in Descamps and Howard a conviction under the Alabama Burglary Third Degree statute, Ala. Code § 13A-7-7, is no longer a violent felony.  The Eleventh Circuit reasoned that if Mays were sentenced now the enumerated crimes clause of the ACCA, which makes generic burglary a qualifying offense under the ACCA, would not apply to his burglary conviction.  Id.  Recognizing that the U.S. Supreme Court struck down the residual clause of the ACCA as void for vagueness in Johnson, Mays asserted that his sentence was illegal under Section 924(e) because he did not have the requisite number of qualifying convictions to trigger a Section 924(e)(1) sentence.  Id.  The Mays Court ruled: "[w]e agree and find that Mays's sentence is illegal.  Although *Descamps* and *Johnson* were decided after Mays's conviction and sentence became final, we hold that both cases apply retroactively in the first post-conviction relief.…we reverse the district court's denial of Mays's motion and remand for resentencing." Id. at *1.  The Mays Court further specified:

> …[i]n light of our finding that *Johnson* applies retroactively to prisoners, like Mays, who are challenging their § 924(e)(1) sentence via an initial habeas petition, we conclude that Mays's burglary conviction cannot be considered a violent felony under the residual clause…
>
> ….We reverse the district court's denial of Mays's § 2255 motion to vacate and remand this case to district court for resentencing, without the § 924(e)(1) enhancement. In resentencing Mays, the district court shall perform a fresh review of the 18 U.S.C. § 3553(a) factors. *See United States v. Estrada*, 777 F.3d 1318, 1323 (11th Cir.2015) (per curiam) (ordering that, on remand for resentencing, "the district court shall consider all appropriate 18 U.S.C. § 3553(a) factors in determining a reasonable sentence")…

Id. at *7.

On March 30, 2016, Taylor filed a notice of this supplemental authority and moved for judgment on his habeas petition based on Mays.  (Doc. 33).  Taylor contends that he is in the same position as Mays such that he is entitled to the same relief.  Per Mays, Taylor moves for his motion for judgment of law to be granted and for his case to be set for resentencing as the

3

Eleventh Circuit has now held that Johnson is retroactive in the first post-conviction context.

In response, the Government acknowledges the Mays ruling – that Johnson applies retroactively on collateral review to prisoners seeking habeas relief for the first time – but states the issue "has not been definitively decided by the Supreme Court[]" in light of the pending Welch case. (Doc. 37). The Government requests the Court continue the stay pending Welch.

Upon consideration, given the Eleventh Circuit's recent and clear ruling directly on point to Taylor's status as a first time habeas petitioner, the Court concludes that it is bound by Mays at the present time. As such, it is **ORDERED** that the **STAY** is **LIFTED,** Taylor's Motion (Docs. 33-35) is **GRANTED** such that the Judgment (his prior sentence) (Doc. 20) is **VACATED** per United States v. Mays, 2016 WL 121149 (11th Cir. Mar. 29, 2016), Taylor's habeas petition (Docs. 26, 27) is **GRANTED** per Mays, *supra*, and this matter is **SET** for **RESENTENCING** on **May 13, 2016** at **12:00 p.m. (noon)** in Courtroom 5A of the United States Courthouse, 113 Saint Joseph Street, Mobile, AL, 36602.

The United States Marshal is **DIRECTED** to produce Thomas Edward Taylor for the May 13, 2016 resentencing.

The Clerk of Court is **DIRECTED** to arrange for Thomas Edward Taylor to be present for the sentencing by issuance of the appropriate Writ of Habeas Corpus.

Thomas Edward Taylor shall remain in custody pending resentencing.

**DONE AND ORDERED** this the **12th** day of **April 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**